**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SALVATORE BARBERA,**

                **Plaintiff,**

-vs-                                                                 **Case No. 6:07-cv-1961-Orl-19KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (Doc. No. 17)** |
| **FILED:** | **June 5, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Salvatore Barbera filed a complaint seeking review the Commissioner's determination granting him benefits as set forth in the Notice of Decision dated October 4, 2007, based on his claim for benefits filed on April 30, 2007. Doc. No. 1, 1-3. The Commissioner filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Doc. No. 17. In support of the Commissioner's motion, the Commissioner submitted the Declaration of Patrick Herbst Court Case Preparation and Review Branch IV Office of Disability Adjudication and Review Social Security Administration. Doc. No. 17-2. ("Herbst Decl.") A *Milburn* order was issued on June 27, 2008. Doc. No. 18. Barbera filed his Affidavit in Opposition to Defendant's Motion to Dismiss or in the Alternative Motion for Summary

Judgment on July 16, 2008. Doc. No. 19. No memorandum of law was filed in opposition. The presiding judge has referred the motion to me for issuance of a Report and Recommendation.

**I.    STATEMENT OF FACTS.**

On March 26, 2007, an administrative law judge (ALJ) issued a decision denying Barbera's application for benefits under Titles II and XVI. Herbst Decl. ¶ 3(a).[1] The Appeals Council ("AC") denied Barbera's request for review and notified him of its action on July 12, 2007. *Id*.; Ex. 1, 2. Barbera did not request an extension of time to file a civil action related to this decision. *Id*. ¶ 3(b).

On April 30, 2007, Barbera filed a new application for benefits apparently under both Title II (worker's disability) and Title XVI (supplement security income). On October 4, 2007, the Social Security Administration (SSA) notified Barbera that he was eligible to receive payments under Title XVI based on a April 30, 2007 application. *Id*. ¶ 3(c); Ex. 3. On November 13, 2007, Barbera filed a request for reconsideration his new application for Title II disability benefits, which request was denied. *Id*. ¶ 3(d); Ex. 4, 5. On December 28, 2007, Barbera requested a hearing before an ALJ. *Id*. ¶ 3(d); Ex. 6. Herbst avers that there is no record of final action by the Commissioner in connection with this claim. *Id*. ¶ 3(d).

Barbera avers that he is challenging the decision awarding him supplemental security income benefits as of April 1, 2007 because he submits that he was disabled on an earlier date. Doc. No. 19 ¶ 2.

Barbera avers that after receiving the October 4 decision, he talked to several SSA employees about how he should proceed. Doc. No. 19 ¶ 7. Those employees told him that he needed to file a

---

[1] Barbera avers that he did not receive the March 26, 2007 decision until sometime in September. Doc. No. 19 ¶ 7. The delay in receipt appears immaterial because Barbera affirms that he is not challenging the March 26 decision. *Id*. ¶ 1.

request for reconsideration. *Id*. Later, SSA employees told Barbera that he needed to file suit in Federal Court, although it is unclear whether this advice pertained to the October 4 decision or some other claims decision. *Id*. ¶¶ 5-6. Barbera avers that he "only [did] what they [the SSA employees] told me to do." *Id*. ¶ 9.

## II.     STANDARD OF REVIEW.

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in a complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (internal citations omitted). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. (internal citations omitted).

"Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir.2002). Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. Catrett*, 477 U.S. 317, 322-23 (1986).

"The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. . . . If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial." *Kitchings v. Fl. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1291 (M.D. Fla. 2005) (internal citations omitted).

**III.   ANALYSIS.**

The Commissioner makes two arguments in support of his motion to dismiss. First, the Commissioner argues that Barbera's complaint should be dismissed because it was filed more than 60 days after receipt of the Commissioner's Notice of Final Decision. Second, the Commissioner argues that the Court lacks jurisdiction because Barbera failed to exhaust his administrative remedies.   *A March 26, 2007, Decision*.

The Commissioner's first argument is based on the assumption that Barbera's suit seeks to appeal the Commissioner's decision dated March 26, 2007. As Barbera has unequivocally denied that he is pursuing that claim, the Commissioner's first argument is moot.

      *B.      October 4, 2007, Decision.*

Barbera alleges that a final decision was reached by the Appeals Council as shown by the October 4, 2007, "Notice of Award," a copy of which is also attached to the complaint. Doc. No. 1 at 1. I note that the Notice of Award provided Barbera with instructions about how to seek reconsideration of the decision. Doc. No. 1-3 at 5-6. As discussed above, Herbst avers that Barbera filed a request for reconsideration of the decision and a later request for a hearing before an administrative law judge, which hearing had not yet been held when the complaint was filed.

To place this dispute in context, a review of the applicable statutes and regulations is necessary. This Court has subject matter jurisdiction to review a decision of the Commissioner of Social Security only pursuant to 42 U.S.C. § 405(g). This section provides that a claimant may obtain judicial review of "any final decision of the Commissioner of Social Security." *Id*. If a claimant fails to exhaust administrative remedies, as required by § 405(g), there is no final decision and a district court cannot obtain subject matter jurisdiction over the matter. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Heckler v. Ringer*, 466 U.S. 602, 627 (1984) ("Congress, in § 405(g) and § 405(h) . . . requir[ed] that administrative remedies be exhausted before judicial review of the Secretary's decisions takes place.").[2] This Court may not proceed unless its subject matter jurisdiction is clear. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004).

---

[2] In *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997), the United States Court of Appeals for the Eleventh Circuit held that "[e]xhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority. . . ." None of these bases appear in this case.

If a claimant is dissatisfied with a decision regarding benefits, the first step in the administrative review process is to request reconsideration. 20 C.F.R. § 416.1407. If reconsideration is denied, then the claimant may request a hearing before an ALJ. *Id*. Following the ALJ's decision, a claimant must request Appeals Council review within sixty days of his receipt of the ALJ's decision. 20 C.F.R. § 416.1468. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see also Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997) (exhaustion of administrative remedies occurs only when a claimant completes each step of the administrative review process, unless the Commissioner waives the exhaustion requirement).

The undisputed evidence before the Court shows that Barbera initiated the administrative review process before the SSA, but it is not yet completed. Barbera, therefore, has failed to exhaust his administrative remedies.

Barbera apparently argues that he should not be required to exhaust administrative remedies because certain SSA employees gave contrary verbal instructions regarding a different claim. Although Barbera has not specifically raised the argument of equitable estoppel, I interpret his affidavit as potentially raising the issue.

To prove equitable estoppel, "the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse[,]' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Ferry v. Hayden*, 954 F.2d 658, 661-61 (11th Cir. 1992)(quoting *Heckler*, 467 U.S. at 59). Barbera fails to show that any reliance upon the SSA employees' statements have changed his position for the worse. Barbera filed his request for a hearing before the ALJ. There

is no showing that this prematurely filed complaint will have any ill effect upon the progress of his administrative review before the SSA.

## IV.    RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Court do the following:

1. **TREAT** the motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b);

2. **GRANT** Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, doc. no. 17, and dismiss the action without prejudice; and

3. The Court direct the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 14, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy