**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SALVATORE BARBERA,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:07-cv-1961-Orl-98KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

**ORDER**

On August 14, 2008, Magistrate Judge Spaulding entered a Report and Recommendation (Doc. 20), recommending that the Defendant's Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment (Doc. 17) be granted. Plaintiff filed timely objections to the Report (Doc. 22). Defendant responded (Doc. 23).

Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge. The Plaintiff concedes that he has failed to exhaust his administrative remedies with regard to the October 4, 2007 decision on his claim for SSI benefits, but he has not provided any legal support for his contention that the exhaustion requirement is waived if SSA employees orally misinform a claimant as to the proper steps to take to appeal an unfavorable decision.[1] Even if such statements were sufficient to constitute a waiver by the SSA, the Plaintiff's affidavit is not

---

[1] The SSI decision being appealed, a copy of which is attached to the Complaint, properly informs the Plaintiff that if he disagrees with the decision, he has 60 days to appeal it, and that "[t]o appeal, you must fill out a form called 'Request for Reconsideration.' The form number is SSA-561. To get this form, contact one of our offices. We can help you fill out the form." (Doc. 1-3 at 5-6).

enough to raise a genuine issue of material fact that this occurred.  In his affidavit, the Plaintiff simply states that two employees in the DeLand SSA office told him in December 2007 he had to file a suit in federal court.  (Doc. 19 at 3).  He does not state that they told him he had to file suit *immediately* (i.e., in lieu of requesting reconsideration), and he does not state that he was told this in relation to the decision underlying the instant suit (as opposed an earlier decision, in regard to which he may have exhausted his administrative remedy).  The Court also notes that the Plaintiff has been represented by counsel from the beginning of this suit, and the complaint says nothing about any waiver of the exhaustion requirement.  Rather, that document asserts that the complaint is being made "within sixty days from the date of the decision of the Appeals Council."  (Doc. 1 at 2).  It is, therefore

**ORDERED** that:

1.The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed;

2.The Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment, which the Court treats as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b), is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 12, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party